**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| QUINTESSENTIAL MEDIA GROUP, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRINGTON PUBLISHING, INC. | ) | Jury Demanded |
| d/b/a JWC MEDIA, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,
FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, VIOLATION OF
ILLINOIS DECEPTIVE TRADE PRACTICES ACT, COMMON LAW UNFAIR
COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT PURSUANT TO
THE LANHAM ACT, AND COMMON LAW TRADEMARK INFRINGMENT
PURSUANT TO STATE LAW**

Now comes the Plaintiff, Quintessential Media Group, Inc. ("Quintessential" or "Plaintiff"), through its attorneys, Mark D. Roth of Orum & Roth LLC, and for its Complaint for Trademark Infringement, Trademark Dilution, False Designation of Origin, Unfair Competition, Violation of Illinois Deceptive Trade Practices Act, Common Law Unfair Competition, Common Law Trademark Infringement Pursuant to the Lanham Act and Common Law Trademark Infringement Pursuant to State Law against the Defendant, Barrington Publishing, Inc. d/b/a JWC Media ("Defendant"), states:

**NATURE OF ACTION**

1.     This is an action for trademark infringement, trademark dilution, false designation of origin and unfair competition, arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c); for violation of Section 65 of the Illinois Trademark Registration and Protection Act; for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et*

*seq.*, for common law unfair competition and for infringement of a common law trademark under State law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this District, and the Defendant maintains its principal place of business in this District.

## THE PARTIES

4.      Plaintiff, Quintessential, is an Illinois corporation, with its principal place of business in Barrington, Illinois.  Plaintiff markets, publishes and distributes a magazine entitled "Quintessential Barrington."

5.      Defendant is an Illinois corporation with its principal place of business in Highwood, Illinois.

## COMMON FACTS

6.      Quintessential is the assignee of the trademark registered with the United States Trademark Office for "Quintessential Barrington," Registration No. 3450914. The mark for "Quintessential Barrington" is registered with the United States Trademark Office in International Classification No. 16 for "[p]eriodical magazines in the field of lifestyle, book and restaurant reviews, fashion, community events, current events, home decor, travel and entertainment."  Quintessential has initial use of the mark in September 2005.  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the registration for the registered trademark is incontestable.

7.      Plaintiff has continuously used its trademark for "Quintessential Barrington" to market its magazine. Plaintiff has devoted substantial time, effort and resources to the development and extensive promotion of the "Quintessential Barrington" mark and the magazine bearing that name.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the "Quintessential Barrington" mark as an indication of the high quality associated with Plaintiff's magazine in print production values, investment in photographs, and editorial content. Quintessential Barrington magazine is also regarded as a luxury product based on the quality of its advertisers in the markets for such items as high-end jewelry and watches, luxury and exotic automobiles, luxury real estate, furriers and designer clothing.

8.      As a result of Plaintiff's long-term use of the "Quintessential Barrington" mark, Quintessential Barrington enjoys a high degree to consumer recognition. In fact, in a recent independent survey conducted by Advocate Good Shepard Hospital "Quintessential Barrington" magazine was the number one ranked local news source, ahead of other publications such as the Chicago Tribune, Chicago Sun Times, Northwest Herald and others.  The mark "Quintessential Barrington" has obtained a secondary meaning in the marketplace, and has become a famous mark.

 9.      Defendant has recently started marketing and distributing a printed publication using the name "Barrington Country."  Defendant's "Barrington Country" magazine serves the same market as Plaintiff's "Quintessential Barrington" magazine.  Quintessential and the Defendant are in direct competition in the marketplace for the marketing and distribution of their magazines.

10.      Defendant at all times has been well aware of Plaintiff, and of Plaintiff's registered trademark for "Quintessential Barrington."  In fact, Defendant has sought to trade off Plaintiff's

3

substantial good will by using the "Barrington Country" name. In addition, Defendant intentionally made its magazine look as close as possible to the Defendant's magazine. For example, both Plaintiff and Defendant's magazines are the same size, both use the same style of binding, both use the same paper stock on the cover and interior, both use the same finish on the cover stock. Further, Defendant positioned its logo on the cover of its magazine in the same manner as Plaintiff has been producing its Quintessential Barrington Magazine for 55 issues over a period of almost 10 years. All of this was done in an effort to confuse the consuming public.

11.     Defendant has also started to market its magazine on various Internet sites, such as Facebook. Plaintiff also markets its magazine on the Internet, and Plaintiff has its own Facebook page.

### COUNT I
Infringement of "Quintessential Barrington" Trademark,
Pursuant to 15 USC §1114.

12.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 11, as and for the allegations of paragraph 12, as if fully set forth herein.

13.     Quintessential did not provide permission to Defendant to use its registered trademark for any reason.

14.     Defendant began distributing its magazine "Barrington Country" in early to mid-October 2014. Defendant's use of the name "Barrington Country" was chosen to intentionally trade off the goodwill associated with Quintessential's registered trademark for "Quintessential Barrington."

15.     Defendant's magazine is marketed and distributed in the same geographic market, and in the same manner as Plaintiff's magazine bearing the registered trademark.

16.    Defendant's use of the name "Barrington Country" and Defendant's marketing of that name in connection with its magazine to compete directly with Plaintiff has caused actual confusion and is likely to continue to cause confusion, mistake and deception.

17.    Upon information and belief, Defendant has intentionally and with knowledge sought to cause consumer confusion, mistake and deception.

18.    Defendant's use of the name "Barrington Country," which is confusingly similar to Plaintiff's registered trademark to promote, market and sell Defendant's magazine constitutes trademark infringement pursuant to 15 USC §1114.

19.    Defendant's infringement of the registered trademark has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

### COUNT II
False Designation of Origin,
Pursuant to Lanham Act 15 U.S.C. §1125(a)

20.    Plaintiff repeats and realleges the allegations of paragraphs 1 to 19, as and for the allegations of paragraph 20, as if fully set forth herein.

21.    Defendant has used and continues to use "Barrington Country" in connection with the production and distribution of its magazine in commerce, in a manner that is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendant's magazine.  Plaintiff has been damaged by these acts in an amount to be proven at trial.  Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against the Defendant.

## COUNT III
### Unfair Competition Under the Lanham Act,
### Pursuant to 15 U.S.C. § 1125(a)

22.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 21, as and for the allegations of paragraph 22, as if fully set forth herein.

23.     Defendant's use of the name "Barrington Country" to promote, market and sell its magazine in direct competition with Plaintiff and in seeking to trade off of the goodwill of Plaintiff's registered trademark has caused actual confusion and is likely to cause confusion, mistake and deception among consumers. Further, Defendant's deliberate passing off of its magazine as that of the Plaintiff constitutes unfair competition.  Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT IV
### Dilution of Trademark,
### Pursuant to 15 U.S.C. § 1125(c) and 765 ILCS 1036/35

24.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 23, as and for the allegations of paragraph 24, as if fully set forth herein.

25.     The registered trademark for "Quintessential Barrington" is highly distinctive and has become famous at least within the Barrington, Illinois area within the meaning of Section 43 of the Federal Trademark Act, 15 U.S.C. § 1125(c) and Section 65 of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65, well prior to Defendant's first use of the name "Barrington Country."

26.     Defendant's use of the name "Barrington Country" in the manner alleged herein dilutes the distinctive qualities of the famous mark "Quintessential Barrington," and constitutes trademark dilution within the meaning of 15 U.S.C. § 1125(c) and 765 ILCS 1036/65.

27.     Defendant's actions have caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

**COUNT IV**
Violation of Illinois Deceptive Trade Practices Act,
Pursuant to 815 ILCS § 505/1, *et seq*

28.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 27, as and for the allegations of paragraph 28, as if fully set forth herein.

29.     The Illinois Deceptive Practices Act, 815 ILCS § 505/1, *et seq*.,  provides that a person engages in deceptive trade practices when, *inter alia*, the person "(1) passes off goods or services as those of another . . . (3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services has sponsorship, approval, characteristics, . . . that thy do not have . . . " regardless of whether there is "competition between the parties or actual confusion or misunderstanding."

30.     Defendant's use of the name "Barrington Country" trades off the business reputation of Plaintiff. Defendant's use of the name "Barrington Country," particularly in a format almost identical to that of Plaintiff's magazine, is done with the intention to pass off its magazine as that of Plaintiff's magazine.  Defendant's action has caused actual confusion, and is likely to continue to cause confusion in the relevant marketplace.

31.     Plaintiff has been and is being damaged by such violation, and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

32.     Based on Defendant's previous and continuing knowledge of Plaintiff's trademark and Defendant's continued activities, Defendant's violation of the Illinois Deceptive Trade Practices Act is willful.

## COUNT V
### Violation of Common Law Unfair Competition

33.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 32, as and for the allegations of paragraph 33, as if fully set forth herein.

34.     As a result of Defendant's actions alleged herein, Defendant has misappropriated valuable property rights of Plaintiff, is trading off Plaintiff's goodwill, and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

35.     Plaintiff has been and is being damaged by such violation and also has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

36.     Based on Defendant's previous and continuing knowledge of Plaintiff's trademark and Defendant's continued activities, Defendant's violation of common law unfair competition is willful.

## COUNT VI
### Infringement of Common Law Trademark,
### Pursuant to 15 U.S.C. § 1125(a)

37.     Plaintiff repeats and realleges the allegations of paragraphs 1 to 5, as and for the allegations of paragraph 37, as if fully set forth herein.

38.     Pleading in the alternative, Plaintiff has a common law trademark in the name "Quintessential Barrington" in the area in and around Barrington, Illinois through its publication,

marketing, and distribution of Plaintiff's "Quintessential Barrington" magazine from 2005 to the present.

39.     Plaintiff has continuously used its trademark for "Quintessential Barrington" to market its magazine. Plaintiff has devoted substantial time, effort and resources to the development and extensive promotion of the "Quintessential Barrington" mark and the magazine bearing that name.   As a result of Plaintiff's efforts, the public has come to recognize and rely upon the "Quintessential Barrington" mark as an indication of the high quality associated with Plaintiff's magazine in print production values, investment in photographs, and editorial content. Quintessential Barrington magazine is also regarded as a luxury product based on the quality of its advertisers in the markets for such items as high-end jewelry and watches, luxury and exotic automobiles, luxury real estate, furriers and designer clothing.

40.     As a result of Plaintiff's long-term use of the "Quintessential Barrington" mark, Quintessential Barrington enjoys a high degree to consumer recognition. In fact, in a recent independent survey conducted by Advocate Good Shepard Hospital "Quintessential Barrington" magazine was the number one ranked local news source, ahead of other publications such as the Chicago Tribune, Chicago Sun Times, Northwest Herald and others.   The mark "Quintessential Barrington" has obtained a secondary meaning in the marketplace, and has become a famous mark in the area in and around Barrington, Illinois.

41.     Defendant has recently started marketing and distributing a printed publication using the name "Barrington Country."   Defendant's "Barrington Country" magazine serves the same market as Plaintiff's "Quintessential Barrington" magazine.   Quintessential and the Defendant are in direct competition in the marketplace for the marketing and distribution of their magazines.

42.     Defendant at all times has been well aware of Plaintiff, and of Plaintiff's trademark for "Quintessential Barrington."  In fact, Defendant has sought to trade off Plaintiff's substantial good will by using the "Barrington Country" name.  In addition, Defendant intentionally made its magazine look as close as possible to the Defendant's magazine. For example, both Plaintiff and Defendant's magazines are the same size, both use the same style of binding, both use the same paper stock on the cover and interior, both use the same finish on the cover stock.  Further, Defendant positioned its logo on the cover of its magazine in the same manner as Plaintiff has been producing its Quintessential Barrington Magazine for 55 issues over a period of almost 10 years. All of this was done in an effort to confuse the consuming public.

43.     Defendant has also started to market its magazine on various Internet sites, such as Facebook.  Plaintiff also markets its magazine on the Internet, and Plaintiff has its own Facebook page.

44.     Quintessential did not provide permission to Defendant to use its "Quintessential Barrington" trademark for any reason.

45.     Defendant began distributing its magazine "Barrington Country" in early to mid-October 2014.  Defendant's use of the name "Barrington Country" was chosen to intentionally trade off the goodwill associated with Quintessential's trademark for "Quintessential Barrington."

46.     Defendant's magazine is marketed and distributed in the same geographic market, and in the same manner as Plaintiff's magazine bearing the trademark.

47.     Defendant's use of the name "Barrington Country" and Defendant's marketing of that name in connection with its magazine to compete directly with Plaintiff has caused actual confusion and is likely to continue to cause confusion, mistake and deception.

48.    Upon information and belief, Defendant has intentionally and with knowledge sought to cause consumer confusion, mistake and deception.

49.    Defendant's use of the name "Barrington Country," which is confusingly similar to Plaintiff's trademark to promote, market and sell Defendant's magazine constitutes trademark infringement pursuant to 15 USC §1125(a).

50.    Defendant's infringement of the trademark has caused and will continue to cause monetary damage to Plaintiff and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

### COUNT VII
Infringement of Common Law Trademark,
Pursuant to Illinois Common Law

51.    Plaintiff repeats and realleges the allegations of paragraphs 37 to 48, as and for the allegations of paragraph 50, as if fully set forth herein.

52.    Defendant's use of the name "Barrington Country," which is confusingly similar to Plaintiff's trademark to promote, market and sell Defendant's magazine constitutes trademark infringement pursuant Illinois common law.

53.    Defendant's infringement of the trademark has caused and will continue to cause monetary damage to Plaintiff and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Quintessential Media, Inc., requests that this Court enter judgment in its favor and against Defendant, Barrington Publishing, Inc. d/b/a JWC Media, and enter an order for the following relief:

1. That Defendant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the trademark or any other similar marks that give rise to a likelihood of confusion, mistake or deception with respect to Plaintiff's trademark;

    b. Doing any other act or thing likely to induce the mistaken belief that Defendant or its magazine or other publications are in any way approved by or affiliated, connected or associated with Plaintiff or Plaintiff's magazine; and

    c. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff.

2. That Defendant deliver for destruction all magazines, advertisements, brochures, current inventory of products, and related materials that utilize Plaintiff's trademark or approximations or simulations thereof, and remove the same from any and all websites in its possession or control that bear the trademark.

3. That an accounting is granted against Defendant, and Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    a. All profits received by Defendant from sales and revenues of any kind made as a result of its unlawful actions; and

    b. All damages sustained by Plaintiff as a result of Defendant's acts of infringement and unfair competition.

4. That Defendant file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

5. That because of the exceptional nature of this case, resulting from Defendant's deliberate and willful infringement and actions, this Court award Plaintiff its reasonable attorneys' fees, costs and disbursements.

6. That Plaintiff shall have such other and further relief as this Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Mark D. Roth
Attorney for Plaintiff

Mark D. Roth
Orum & Roth, LLC
53 West Jackson
Suite 1315
Chicago, IL 60604
(312) 922-6262 Ext. 240
Email: markdroth@gmail.com